UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LUKE PRATT, #673261,

        Petitioner,

                                      CASE NO. 2:10-CV-10641
v.                                   HONORABLE GEORGE CARAM STEEH

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## TO STAY HIS HABEAS PROCEEDINGS

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Christopher Luke Pratt ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with a dangerous weapon, Mich. Comp. Laws § 750.82, interfering with electronic communications causing injury, Mich. Comp. Laws § 750.540(5)(b), domestic assault and battery, Mich. Comp. Laws § 750.81(2), and unlawful imprisonment, Mich. Comp. Laws § 750.349b, following a jury trial in the Calhoun County Circuit Court in 2007. He was sentenced to concurrent terms of 15 to 48 months imprisonment on the assault and interference convictions, 93 days to three months in jail on the domestic violence conviction, and 56 to 180 months imprisonment on the unlawful imprisonment conviction in 2008.

In his current petition, Petitioner raises claims concerning the admission of other

1

acts evidence, the failure to disqualify a juror, the denial of motions for mistrial, new trial, and judgment notwithstanding the verdict, and the scoring of the sentencing guidelines. Respondent has filed an answer to the petition contending that it should be denied. The matter is before the Court on Petitioner's motion to stay his habeas proceedings so that he may return to the state courts and exhaust additional issues concerning the effectiveness of trial and appellate counsel, prosecutorial misconduct, and cumulative error. For the reasons stated, the Court denies Petitioner's motion.

## II.

Petitioner's convictions arise from an assault upon his girlfriend at their home in Calhoun County, Michigan on June 24, 2007. Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Pratt*, No. 284299, 2009 WL 1652831 (Mich. Ct. App. June 11, 2009) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Pratt*, 775 N.W.2d 144 (Dec. 9, 2009). Petitioner dated his federal habeas petition on February 1, 2010 and it was filed by the Court on February 12, 2010. Respondent filed the answer to the petition on August 19, 2010 and the state court record on August 31, 2010. Petitioner dated the instant motion on October 6, 2010 and it was filed by the Court on October 13, 2010.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory

3

litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied Petitioner leave to appeal on December 9, 2009 and the time for seeking a writ of certiorari with the United States Supreme Court expired on March 9, 2010. Petitioner dated his federal habeas petition on February 1, 2010. Thus, the one-year period had not yet begun to run when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown

good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless. Those claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a stay is unnecessary and unwarranted.

### IV.

Accordingly, the Court **DENIES** Petitioner's motion to stay his habeas proceedings. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

Dated: October 18, 2010

                                                   **S/George Caram Steeh**
                                                   **GEORGE CARAM STEEH**

**UNITED STATES DISTRICT JUDGE**

---

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on
October 18, 2010, by electronic and/or ordinary mail and also to Christopher Pratt at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

S/Josephine Chaffee
Deputy Clerk

---